BENJAMIN WOLEK, BY NEXT FRIEND ET AL., PLAINTIFFS, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT.

Argued February 19, 1924—Decided May 26, 1924.

**Negligence—Motor Vehicle, Trolley Car Collision—Alleged Judgment Against Weight of Evidence—Alleged Error in Charge, Where no Exceptions Were Taken—Charge Related to Relationship Between Plaintiff, Truck Driver, and Their Common Employer.**

On rule.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiffs, *John W. Palmer.*

For the defendant, *Leonard J. Tynan.*

PER CURIAM.

Wolek, a boy eighteen years old, was in the employ of one Simon as a helper on a truck used in Simon's business, his work being to assist in helping to load and unload the truck. While riding on this truck on the 16th of March, 1921, there

was a collision between it and a trolley car of the defendant company, at the intersection of Third and Orange streets, in the city of Newark. The truck attempted to pass across the car tracks in front of the trolley car, and the tail end of the truck was struck, upsetting it, throwing the boy to the ground and injuring him. The trial resulted in a verdict in favor of the defendant. We are asked to set aside the verdict—first, because it was against the weight of the evidence, and second, because of error in the charge.

We think, after reading the evidence, the jury was justified in finding that the collision was not the result of any carelessness on the part of the motorman.

As to the alleged errors in the charge. No exception was taken to the instructions. It is argued, however, that that is not necessary in order to justify the making of the rule absolute. This is true as an abstract proposition. *Buller* v. *Hoboken Printing, &c., Co.,* 73 *N. J. L.* 45; *Clark* v. *Public Service Railroad Co.,* 83 *Id.* 319. The principal error is said to consist in the submission by the court to the jury of the question as to whether the relationship of master and servant, or principal and agent, or mutual responsibility in a common enterprise, existed between the driver of the truck and Wolek. We think this is true. There was no such relationship, the only relation between the two being that they were employes of a common master. But the court was induced to deal with this subject by reason of a request to charge submitted by the plaintiff, which was as follows, so far as this point is concerned: "If you find from the evidence that the plaintiff was not exercising any control at all over this automobile truck, and was simply occupying a place on the seat, I then charge you that any negligence on the part of the driver of the automobile truck is not to be attributed to the plaintiff." The effect of this request was to leave it to the jury to determine whether or not the plaintiff was exercising any control over the automobile truck, and, of course, he could not do that unless one of the relationships suggested by the court existed between the

driver and himself. We think, in legal effect, the instruction which has been commented on was practically that which was requested by the plaintiff. As to the remainder of the request—that is, the liability of the defendant company for negligence on the part of the motorman, it was practically charged. In addition to this, it was faulty, in that the defendant company was not liable if it "failed to use every means in its power to avoid the happening of the accident;" the measure of its duty was as charged by the court "to operate its car with such care as reasonably careful and prudent men would do."

The only other ground of reversal is that which has just been mentioned—that is, the refusal to charge this request.

The rule should be discharged on the merits. It ought to be an unusual case where a court will set aside a verdict for an error in the charge, if it exists, which is not called to the attention of the trial judge by a proper exception.

The rule to show cause is discharged.